UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>BRENDON JANIS,<br>Defendant | 5:17-cr-50076<br><br>MEMORANDUM OPINION<br>AND ORDER |

Pending before the Court is Defendant's Motion to Reduce Sentence pursuant to Amendment 821 to the Federal Sentencing Guidelines, (Doc. 276). The Government has responded, (Doc. 280), and the Federal Public Defender's Office has notified the Court of its intent not to supplement, (Doc. 6/25/2024). For the following reasons, the Court denies Defendant's motion.

## BACKGROUND

A jury convicted Defendant of conspiracy to distribute in excess of 500 grams of methamphetamine and possession of a firearm by a prohibited person. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; 18 U.S.C. § 922(g)(3). (Doc. 204). The court imposed a sentence of 180 months on Count 1 and 60 months on Count 2 to run concurrently, which was a variance based on a defense motion to which the Government did not object. (Doc. 222). A mandatory minimum sentence of 120 months applied. (Doc. 220). The court amended the PSR during the

1

sentencing hearing to set Defendant's offense level at 39 and his criminal history category at I, based on zero criminal history points. (Doc.222). The calculation of the offense level was a base level of 32, increased by two levels for possession of firearms, increased by an additional two levels for maintaining premises for manufacturing or distributing methamphetamine, and increased by an additional three levels for role in the offense as manager or supervisor. (Doc. 220). The amended Guidelines range was 262-327 months. (Id.).

The court noted in sentencing that a sentence within the Guidelines range would be more severe than necessary. Mitigating factors were Defendant's youth, lack of criminal history, and potential for rehabilitation. (Doc. 223, PgID 1003). Aggravating factors cited were the seriousness of the conspiracy, in which Defendant had a high-level position, and the use of firearms in the drug trade. (Id.).

**LEGAL STANDARD**

Ordinarily, a court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582. The statute creates an exception for a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission…". Id. § 3582(c). In such a situation, the court engages in the two-step procedure set forth in *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). That procedure requires a determination whether the applicant qualifies for relief

under § 3582(c), followed by ascertaining the pertinent guideline range. *Id.* See also *United States v. Estupinan*, 2023 WL 9022718, *2 (S.D. Fla. Dec. 31, 2023); *United States v. Diaz*, 2024 WL 167166, *2 (S.D. Fla. Jan. 16, 2024); *United States v. Reed*, 2024 WL 1521593, *1 (D.N.D. April 8, 2024); *United States v. Ybarra*, 2024 WL 2941554, *1 (D.S.D. June 11, 2024).

Amendment 821 to the Guidelines includes two provisions that can provide relief if applicable. First, § 4A1.1 addresses status points a defendant received because the offense was committed while under any "criminal justice sentence," including imprisonment, probation, or supervised release. The provision reduces status points from 2 to 1 for certain offenders and eliminates such points for others.

The second aspect of Amendment 821 appears at § 4C1.1, which addresses a possible reduction in offense level of certain offenders who have zero criminal history points. The provision reads as follows:

§ 4C1.1. Adjustment for Certain Zero-Point Offenders

(a) Adjustment.--If the defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;
(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G. § 4C1.1.

## ANALYSIS

Because Defendant did not have status points, § 4A1.1 does not apply to him. His possible source of relief is § 4C1.1 which pertains to offenders who have zero criminal history points. Amendment 821 precludes relief based on this provision if the Defendant did not "possess, receive, purchase, transport, transfer, sell or otherwise dispose of a firearm…in connection with the offense." U.S.S.G. § 4C1.1(a)(7). As noted above, Defendant's offense level was increased by two levels based on his having firearms in his possession at the time of arrest and having possessed numerous additional firearms in connection with the offense. (Doc. 220).

In addition, Defendant received an upward adjustment of three levels for his role in the offense, pursuant to U.S.S.G. § 3B1.1. (Doc. 220, PgID 977). U.S.S.G.

4

§ 4C1.1(10) provides that relief under Amendment 821 is not available to an individual whose sentence was increased pursuant to this provision of the Guidelines.

Because Defendant does not meet the criteria set forth in Amendment 821 that would permit a reduction in sentence, his motion is denied.

Accordingly, IT IS ORDERED that Defendant's motion for reduction in sentence, (Doc. 276), is denied.

Dated this 22nd day of July, 2024.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATHEW W. THELEN, CLERK

_____

5